No. 622

COOPER v. SCHOOLEY

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8007.  Decided May 16, 1927.

570. GARNISHMENT AND ATTACHMENT—Not contrary to public policy to garnishee earned salary of public officer.

Error to Municipal Court.  Judgment reversed.

**First Publication of this Opinion**

VICKERY, J.

Many years ago a judgment was rendered against L. G. Schooley, which judgment had been kept alive by issuance of executions.  C. S. Cooper filed his affidavit in proceedings in aid of execution, and made the city of Cleveland a party, claiming that the city owed Schooley some money, he being a member of the City Council.  The city answered that it owed Schooley $75.00.

The Cleveland Municipal Court held, in the trial of the action that it is contrary to public policy to permit the attachment or garnishment of a public officer's salary, and found in favor of Schooley.

In the one case, decided by the Supreme Court on this question, Newark (City) v. Funk, 15 OS. 462, the Supreme Court came to the conclusion that where money was earned, it was not against public policy to garnishee an officer's salary.

One would think that it would be in accordance with public policy to see that public officers did pay their debts, but however that may be, the court in the case supra, under the same

statute that exists today, decided that to attach the earned salary of a public officer was not contrary to public policy and sustained the attachment.

Judgment reversed and remanded to the Municiapl Court to make the proper judgment.

(Sullivan, PJ., concurs, Levine, J., not participating).

Attorneys—Frey, Oliver & Moerlender for Cooper; E. C. Osterland for Schooley; all of Cleveland.